# Piatt *v.* Pittsburg Railways Company, Appellant.

*Negligence—Street railway—Crossing—"Stop, look and listen"—Nonsuit.*

In an action against a street railway company to recover damages for personal injuries, it appeared that plaintiff was injured in crossing at night a street on which there were two tracks of the defendant's railroad. The street had been excavated to the subgrade for the purpose of repairing it and the ties of the railway tracks were exposed.

584 PIATT *v.* PITTSBURG RAILWAYS CO., Appellant.

The plaintiff waited near the track until a car had passed on the track farther from him and was struck by a car going in the opposite direction on the nearer track. He had not crossed the first rail of the track, but was in the act of lifting his foot over it when he was struck. *Held*, that plaintiff was guilty of contributory negligence in running into an approaching car and that a nonsuit was properly entered against him.

Argued Nov. 8, 1907. Appeal, No. 146, Oct. T., 1907, by defendant, from judgment of C. P. No. 1, Allegheny Co., March T., 1904, No. 13, refusing to take off compulsory nonsuit in case of David S. Piatt v. The Pittsburg Railways Company. Before FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before SWEARINGEN, J.

The facts are stated in the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*George R. Wallace*, for appellant.

*James C. Gray*, with him *Clarence Burleigh* and *William A. Challener*, for appellee.

PER CURIAM, January 6, 1908 :

A nonsuit was entered in this case because the plaintiff's testimony disclosed negligence on his part which contributed to the accident. The plaintiff was injured in crossing at night a street on which there were two tracks of the defendant's railroad. The street had been excavated to the sub-grade for the purpose of repairing it and the ties of the railway tracks were exposed. The plaintiff waited near the track until a car had passed on the track farther from him and was struck by a car going in the opposite direction on the nearer track. He had not crossed the first rail of the track but was in the act of lifting his foot over it when he was struck. There can be no doubt of the correctness of the conclusion as to the facts and the law stated in the opinion of the learned trial judge : " The fact is the plaintiff was struck by the car immediately upon lifting but one foot over the first rail to which he came.

The car was right there when he lifted his foot to the rail. In other words, he ran into an approaching car. It is, therefore, of no moment that he testified that he looked toward the direction from which the car was approaching and that he did not see it. Because he said he could see at least fifty feet, and, in another place, he said he could see about 100 feet. If he did turn in that direction, he could not have looked at all, as he said he did. The evidence does not show at what rate of speed the car was running. But, even if it were going at the rate of fifteen miles per hour, it would have gone twenty-two feet in one second; and the plaintiff would have had time to see it at the distance which he said he could see. And especially is this true, when the light from the east bound car, which he watched to Neil street, would have disclosed the west bound car approaching."

The judgment is affirmed.